UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-308-S

CONNIE MARSHALL                                                      PLAINTIFF

v.

DAVID HUBER *et al.*                                               DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Connie Marshall, filed this *pro se* action against United States Attorney David

Huber; the Department of Justice; the Attorney General of the United States; FBI agent Mr. Cox;

the Federal Bureau of Investigations, Louisville, Kentucky; Chief White of the Louisville Metro

Police Department; the Louisville Metro Police Department; Louisville Metro Police Officer

John Keeling; and Louisville Metro Police Department Major Yvette Gentry.  Plaintiff

complains that these Defendants "have participated in committing the following acts knowingly,

as they are aware that Plaintiff has **never committed any crimes**, and therefore no officials

should be violating her in this manner:  Retaliation, Conspiracy, Violation of False Claims Acts,

Stalking, Torture, Destruction of Property, Intercepting Mail, Intercepting All Communication

Devices, Torment, Intimidation, Violation of Civil Rights and Civil Liberties, Racism, Violation

of Oath of Office and Color of Law, Irreparable Damage to Plaintiff's health (which is

premeditated murder)."  Plaintiff further states "I do fear for my life as I have taped every office

in Kentucky and have sent mail asking for assistance to every office in Kentucky and I am told

'We've been told not to assist you.'"

Plaintiff attaches a "log of events" to her complaint.  The log lists a number of

occurrences that Plaintiff attributes to Defendants in one way or another.  Below is a sample of

some of the events described in Plaintiff's log:

April 21, 2009 (between 11:00 a.m.-2:20 a.m.)
Cleaning my house and had my cd player playing and the music kept stopping
and starting on each cd that I played.  Everytime I stated "now do it again."  They
would stop my music.  I called 911 several times and kept getting funny beeps on
my telephone.

April 26, 2009--9:45 a.m. (Sunday morning)
T.V./DVD player being intercepted all morning.  Normally on this day I leave for
church no later than 9:30 a.m.  On this Sunday I did not go to church.  I was
playing church music from the radio and my radio kept getting intercepted.  I
called to report it to 911 and told them not to send any police to my house.

April 26, 2009 12:05-12:13 p.m.
Police are bamming on my door.  I did not answer, but looked out and saw two
police cars.  One of the, was at my door bamming on my door (young, white).
Later that day the lock on my front door was broken.  I had just replaced the lock,
as when a previous police officer was at my door in January or February 2009,
two days after he left my door I had to replace my lock.

I spoke with someone named Harrod at the 911 number and he stated no police
officers were dispatched. I spoke with a female (possibly named Madison in
Communications) she did not want to give me the car numbers.  I kept asking and
finally she stated that they were 224 Baker and 225 David.  I kept asking for their
names and she stated that she was not going to give them to me.  I became more
persistent and she finally gave me 224 Baker--Simpson and 225 David--Priddy.  I
asked who was over them and she stated Sargent Laytham.  I called and left a
message with a female that answered at the 2nd Division an she stated that she
would have Sargent Laytham return my call, however, he never did.

April 2009--Destruction of Property
Tape player destroyed while I was making tapes for evidence.  The tape player
played, but there was no sound.  All you could hear was the volume control.  I
noticed the heat suddenly was not working.  I went to bed and the next morning
the house was cold.  I tried to turn on the heat, but it would not come on.  I
smelled gas and called the Fire Department.  They stated the electric ignitor
switch was no longer working.  I had to pay a furnace person to repair it.  I called
Julie Stephen at LG&E.  I called the Fire Department.  A police officer came
though I stated do not send police to my house.  It may have been Shanklin.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The Court has carefully reviewed Plaintiff's complaint and concludes that it is clearly baseless for those very reasons.

Here, the complaint is precisely the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous. Essentially, Plaintiff's complaint is nothing more than a collection of totally unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional. *See Knight v. Foxworth*, No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible.") It is clear that the Court is not the forum that can provide Plaintiff with the type of assistance she truly

needs.  Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendants and others are somehow trying to harass and eventually kill her.

Accordingly, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

Date:

cc:      Plaintiff, *pro se*

4411.008

4